UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 01-CR-359-D

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. BRAULIO MEDINA-GARCIA,

    Defendant.
_____

**ORDER**
_____

THIS MATTER came before the Court on a hearing on the admissibility of co-conspirator statements under FED. R. EVID. 801(d)(2)(E), which was held on November 23, 2005. At that hearing, the Government offered as Exhibit 1 its proffer of alleged co-conspirator statements. To support its proffer, the Government offered the testimony of Paul Roach, Special Agent with the Drug Enforcement Administration.

By way of background, I note that in an Order dated February 25, 2004, where I addressed a proffer of co-conspirator statements made at a hearing on February 5, 2004, I stated that "under the preponderance of the evidence standard, I find that the Government has demonstrated that the statements proffered in its Exhibit 1 meet the requirements mandated by Rule 801(d)(2)(E). Thus, I provisionally admit the statements, subject to their being linked to the conspiracy with independent evidence that will be offered at trial." On May 13, 2005, the Government submitted a Supplemental Proffer Pursuant to FED. R. EVID. 801(d)(2)(E) with Respect to the

Superseding Indictment. The telephone calls and co-conspirator statements identified in that Proffer were the subject of the hearing of November 23, 2005.

I. Admissibility of Statements Pursuant to FED. R. EVID. 801(d)(2)(E)

Rule 801(d)(2)(E) makes admissible against a party a statement by a co-conspirator made during the course of and in furtherance of an alleged conspiracy provided certain requirements are met. Under Rule 801(d)(2)(E), statements of a defendant's alleged co-conspirators may not be admitted over objection unless the trial court finds the following elements by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the declarant and the defendant were both members of the conspiracy; and (3) that the statements were made in the course of and in furtherance of the conspiracy. *United States v. Chavez*, 229 F.3d 946, 952 n. 5 (10th Cir. 2000); *United States v. Wright*, 932 F.2d 868, 880 (10th Cir. 1991); *United States v. James*, 590 F.2d 575 (5th Cir. 1979).

These three foundational elements are preliminary questions of fact which are governed by Fed. R. Evid. 104 and must be resolved by the Court. *Bourjaily v. United States*, 483 U.S. 171 (1987). When preliminary facts relevant to Rule 801(d)(2)(E) are disputed, the offering party must prove them by a preponderance of the evidence at least enough to take the question to the jury. *Id.* at 176-76. In proving the admissibility of co-conspirator's statements, the court may consider the hearsay statements sought to be admitted, along with evidence independent of the statements, in determining whether a conspiracy existed. *United States v. Esparsen*, 930 F.2d 1461, 1475 (10th Cir. 1992); *United States v. Esch*, 832 F.2d 531, 537 (10th Cir. 1987). While there

needs to be some independent evidence linking the defendant to the conspiracy, such evidence need not be substantial. *See United States v. Lopez-Guttierez*, 83 F.3d 1235, 1242 (10th Cir. 1996). Finally, so long as the declarant and the defendant are members of the conspiracy, it is irrelevant whether the party to whom the statements are made is a co-conspirator. *United States v. Williamson*, 53 F.3d 1500, 1519, (10th Cir. 1995). "[T]he appropriate focus is on whether the statements were 'made by' a member of the conspiracy, and not on whether the statements were 'made to' a member of the conspiracy." *Id.*

II. Analysis

In considering the written submissions proffered by the Government, the testimony of Agent Paul Roach, and counsel's arguments during the hearing, I find that these statements, at least on a provisional basis, meet the three-part test. These statements occurred in the time frame covered by Count One of the Superseding Indictment alleged against this Defendant, and both Mark Williams and Juan Ceja-Ponce, the co-conspirator declarants, have implicated Defendant Medina-Garcia as a substantial source of drugs to Mark Williams from California. Based on the evidence produced at the hearing, I find that there is an adequate record for the Court to conclude by a preponderance of the evidence that the Government has shown that these statements could be provisionally used against Braulio Medina-Garcia at trial.

III. Conclusion

In accordance with the foregoing, it is

ORDERED that the Government's proffer of statements made between January

1, 2001 and August 29, 2001 shall be provisionally admitted at trial, subject to the Government linking the statements to the conspiracy with independent evidence at trial. It is

FURTHER ORDERED that the Government shall file a more discrete statement of co-conspirator statements that it intends to use at trial by **Friday, February 17, 2006**. It is

FURTHER ORDERED that the Final Trial Preparation Conference is set for **Thursday, March 23, 2006, at 10:00 a.m.**  It is

FURTHER ORDERED that a 10-day Jury Trial is set to commence on **Monday, April 17, 2006, at 9:00 a.m.**

Dated:  December 5, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge