IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 07-cv-02174-WYD
(Criminal Action No. 01-cr-00359-WYD)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

BRAULIO MEDINA-GARCIA,

      Defendant.

_____

ORDER
_____

On March 14, 2008 [#395], Defendant Braulio Medina-Garcia filed a *pro se*

"Petion [sic] for Writ of Habeas Corpus."  He also filed a Letter on May 6, 2008.  The

Court must construe the Petition and the Letter liberally because Mr. Medina-Garcia is a

*pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se*

litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the

Petition and the requests set forth in the Letter will be denied.

In the instant case, Mr. Medina-Garcia was indicted on September 27, 2001, on

multiple felony counts of conspiracy to distribute and of selling, distributing, or

dispensing of a controlled substance, as well as of racketeering with respect to

controlled substances.  On September 25, 2006, the United States Attorney filed a

criminal information charging Mr. Medina-Garcia with one count of Interstate Travel in

Aid of Racketeering Enterprises pursuant to 18 U.S.C. §§ 1952 and 2.  The same day the criminal information was filed, Mr. Medina-Garcia entered into a plea agreement, in which he pled guilty to the information, and the government agreed to dismiss the other charges.  On January 10, 2007, I sentenced Mr. Medina-Garcia to sixty months of incarceration and three years of supervised release.  Mr. Medina-Garcia did not file a direct appeal, but he did file a 28 U.S.C. § 2255 Motion on October 16, 2007, that I denied on April 16, 2009.

In the instant Petition, he seeks a two-point level reduction of his sentence.  He requests a time reduction because he can not be housed in a minimum security facility, and he is not able to participate in a community correction center due to his deportation status.  Mr. Medina-Garcia also asserts that his due process and equal protection rights are being violated because he is an alien subject to deportation, and, as such, he is not allowed to participate in the same programs as prisoners who are United States citizens.  Mr. Medina-Garcia further contends in the Letter that pursuant to 18 U.S.C. § 1231(a)(4)(B), the United States Attorney can remove an alien in accordance with applicable proceedings prior to the alien completing a sentence in the United States.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).  Nonetheless, the Court finds no justification for considering either a modification or a review of the execution of Mr. Medina-Garcia's sentence.

Title 28 U.S.C. § 2241, which provides for a review of the execution of a federal sentence or immigration issues does not provide this Court with authority to consider

2

Mr. Medina-Garcia's claims.  An application for a writ of habeas corpus pursuant to

§ 2241 "must be filed in the district where the prisoner is confined."  *Bradshaw v. Story*,

86 F.3d 164, 166 (10th Cir. 1996).  Mr. Medina-Garcia is incarcerated at a prison in

Texas.

Mr. Medina-Garcia also is not entitled to relief pursuant to 18 U.S.C. § 3582 for a

sentence reduction.  Section 3582(c) relates to the modification of an imposed term of

imprisonment and provides that a "court may not modify a term of imprisonment once it

has been imposed except" in three limited circumstances.  *See also United States v.*

*Smartt*, 129 F.3d 539, 540-41 (10th Cir. 1997).  First, a court may reduce the term of

imprisonment on motion of the Director of the Bureau of Prisons if special

circumstances exist.  *See* 18 U.S.C. § 3582(c)(1)(A)(i), (ii).  Second, a "court may

modify an imposed term of imprisonment to the extent otherwise expressly permitted by

statute or by Rule 35 of the Federal Rules of Criminal Procedure."  18 U.S.C.

§ 3582(c)(1)(B).  Finally, a court may reduce the term of imprisonment "in the case of a

defendant who has been sentenced to a term of imprisonment based on a sentencing

range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C.

§ 3582(c)(2).

Mr. Medina-Garcia apparently believes that special circumstances exist that

would justify modifying his sentence.  However, the Court need not consider whether

the circumstances Mr. Medina-Garcia describes amount to special circumstances within

the meaning of § 3582(c)(1)(A) because a motion for a sentence reduction based on

special circumstances must be made by the Director of the Bureau of Prisons.  *See*

*Smartt*, 129 F.3d at 541.  Mr. Medina-Garcia may not make the motion himself.

3

Although Mr. Medina-Garcia has filed a separate 28 U.S.C. § 2255 Motion that has been denied, disregarding whether the Petition may be successive, the Court will consider whether Mr. Medina-Garcia may be entitled to relief pursuant to 28 U.S.C. § 2255 with respect to the claims he raises in his Petition and Letter.  Section 2255 is available to correct sentencing defects that raise constitutional, jurisdictional, or other fundamental issues.  *See United States v. Addonizio*, 442 U.S. 178, 185 (1979).  Mr. Medina-Garcia, however, does not allege that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Therefore, the Court finds that Mr. Medina-Garcia also is not entitled to relief pursuant to § 2255, and the Petition must be denied.  Accordingly, it is

ORDERED that the Petition for Writ of Habeas Corpus [# 395],  filed on March 14, 2008, and the requests set forth in the Letter, filed on May 6, 2008, are DENIED.

Dated:  April 16, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge

4